IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARCUS D. MCQUEEN, # 177303, | : | |
| Plaintiff, | : | |
| vs. | : | CIVIL ACTION 20-0157-TFM-N |
| DEXTER D. WRIGHT, *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATION

Plaintiff Marcus D. McQueen, an Alabama prisoner inmate who is proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 together with a request to proceed *in forma pauperis*.[1] (Docs. 1, 2). Upon review of the complaint and McQueen's prior litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Plaintiff did not pay the filing and administrative fees when he filed this action.

**I. Section 1915(g) and McQueen's Litigation History.**

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

> section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curb abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when he files his next action. *Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is 'under imminent danger of serious physical injury.'" *Rivera v. Allin,* 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock,* 549 U.S. 199, 215-16, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007).

Because McQueen sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen his complaint. (Doc. 1). In screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the undersigned reviewed the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama to determine if McQueen has three or more actions and appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. From those dockets, the Court discovered that McQueen has had at least three actions and appeals dismissed for one of the foregoing reasons, namely, *McQueen v. City of Birmingham,* CA No. 2:14-cv-01201-VEH-JEO (N.D. Ala. Mar. 9, 2015) (dismissed pursuant to § 1915A(b)(1) and/or (2)); *McQueen*

2

*v. Jefferson Cnty. Sheriff's Dep't,* CA No. 2:18-cv-02019-MHH-GMB (N.D. Ala. Mar. 6, 2020) (dismissed pursuant to § 1915A(b)(2)); and *McQueen v. Wettermark Keith,* CA No. 1:18-cv-00109-TFM-MU (S.D. Ala. Sept. 16, 2019) (dismissed pursuant to § 1915(e)(2)(B)(i-ii).[2] In addition, McQueen has other actions that were dismissed before service on defendants, namely, *McQueen v. Daughthart,* CA No. 2:17-cv-01733-VEH-JEO (N.D. Ala. May 24, 2018), in which the Magistrate Judge recommended dismissal for failure to state a claim, 28 U.S.C. § 1915A(b)(1), but the action was dismissed for failure to prosecute when McQueen's copy of the recommendation was returned to the court; *McQueen v. Grocery Store,* CA No. 2:19-cv-01449-CLM (N.D. Ala. Oct. 7, 2019) (dismissed for lack of subject matter jurisdiction, among other things); *McQueen v. Washington,* CA No. 2:20-cv-00392-AKK-JEO (N.D. Ala. Mar. 26, 2020) (dismissed for lack of subject matter jurisdiction); and *McQueen v. St. Vincent Hospital,* CA No. 2:20-cv-00371-MHH-SGC (dismissed for failure to pay the filing fee because he is barred by § 1915(g)). Thus, the present action is due to be dismissed unless McQueen can satisfy the exception to § 1915(g).

## II. **Section 1915(g)'s Exception.**

Section 1915(g)'s "imminent danger" exception requires that at the time of the complaint's filing, McQueen show that he was "under imminent danger of serious

---

[2] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center. *Grandinetti v. Clinton,* 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

3

physical injury," not at a prior time. *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999); *see Adbul-Akabar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), *cert. denied,* 533 U.S. 953 (2001). The exception is "an escape hatch for genuine emergencies," where "time is pressing" and "a threat or prison condition. . . is real and proximate" and "the potential consequence is 'serious physical injury.'" *Lewis v. Sullivan,* 279 F.3d 526, 531 (7th Cir. 2002). To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." *Brown v. Johnson,* 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff "must allege and provide specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" *Ball v. Allen,* 2007 WL 484547, at *1 (S.D. Ala. 2007) (unpublished) (Granade, C.J.); *see Brown,* 387 F.3d at 1350. Plaintiff McQueen has not done this.

Plaintiff commenced this action by filing a complaint (Doc. 1) and subsequently filed a first amended complaint (Doc. 8), two motions to amend his complaint (Docs. 11, 12), and second amended complaint (Doc. 16). They will be addressed in turn in this report and recommendation.

Plaintiff filed the original complaint when he was incarcerated at Mobile Work Release, where is claims arose on March 4, 2020. (Doc. 1 at 1, 4, PageID.1, 4). Using this Court's § 1983 complaint form, he lists in Section III as the sole Defendant, the

4

Department of Corrections ("DOC"). (*Id*. at 5, PageID.5). His allegations against Defendant DOC appear to be hastily written because they contain vague allegations and incomplete and disjointed thoughts. (*Id*.). In his allegations, Plaintiff states that the warden made him take medication unlawfully based on what inmates told her. (*Id*.). The warden also lied to him. (*Id*.). A lieutenant there called him a variety of names in front of five white men and made him defecate in front of them for show, hurting his feelings; he asserts that these actions are hate crimes, discrimination, and prejudice. (*Id*.). An inmate and an officer threatened him for nothing and had him shipped elsewhere, causing him to lose his job and position just because someone threatened him. (*Id*.). But the warden allowed the drug dealers and violent inmates to stay at a nonviolent camp. (*Id*. & at 7-8, PageID.7-8). Work release has not paid him for his work, thereby treating him like a slave, which is against the law. (*Id*. at 5, PageID.5). Even though he worked in the hole for two months, he has not been paid, but other inmates have. (*Id*.). These allegations in the complaint (Doc. 1, PageID.1) do not convey that Plaintiff was under imminent danger of serious physical injury at the time he filed his complaint on March 17, 2020. That is, his allegations complain about past events, not a danger that was imminent danger or a danger that would resulting serious physical injury to him.

Subsequently, Plaintiff filed a Court-ordered first amended complaint, which is lodged against the same unidentified lieutenant at Mobile Work Release and Lieutenant Dexter D. Wright at Fountain Correctional Facility ("Fountain") for events from March to May 22, 2020. (Doc. 8 at 4-5, PageID.24-25). Plaintiff reiterates

5

his allegations from the complaint against the Mobile Work Release lieutenant. (*Id.* at 4, PageID.24). that is, he alleges that the lieutenant called him racial names in front of five white inmates. (*Id.* at 4-5, PageID.24-25). And Plaintiff was shipped for "nothing," causing him to lose his job. (*Id.* at 4, PageID.24). By shipping Plaintiff, the lieutenant allowed drugs to be manufactured at Mobile Work Release by inmates for sale over the telephone and for store items. (*Id.* at 8, PageID.28).

Plaintiff also included in his first amended complaint Defendant Wright, who is located at Fountain. (*Id.* at 4-5, PageID.24-25). He alleges that Defendant Wright wrote him three disciplinary reports and two behavior citations, which were false and made-up. (*Id.*). Defendant Wright wrote the reports to have him shipped and to lose his "min-out," which would allow drugs to continue to be brought in and inmates to continue to manufacture drugs on their beds and to sell drugs at Atmore Work Center behind Fountain. (*Id.* at 9-10, PageID.29-30). Plaintiff is against drugs, and the drugs cause the officers to discriminate against other inmates because they get paid by the inmates who sell the drugs. (*Id.* at 9, PageID.29). The drugs poison the inmates causing them to vomit and to fall and hurt themselves, with officers watching but not calling for medical assistance, which was the situation with Plaintiff. (*Id.* at 9-10, PageID.29-30). Defendant Dexter sided with the drug dealers and took Plaintiff outside, allegedly for talking to another inmate, punching him hard in the chest twice to provoke a fight so he could be shipped away. (*Id.* at 4-5, 9, PageID.25, 28-29). When Plaintiff did not fight back, Defendant Dexter wrote Plaintiff five false reports and had Plaintiff hogtied, sprayed in the eyes with mace, dragged to the van, and

shipped off. (Id. at 9, PageID.29). He suspects that Defendant Dexter was paid by inmates so they could continue to make drugs at dorm M at Atmore Work Center. (*Id.* at 10, PageID.30). Again, Plaintiff complains in the first amended complaint about events that occurred in the past.

Next, Plaintiff filed a motion to amend complaint asking the Court "to amend all Department complaints" and to give him a fair trial. (Doc. 11 at 1, PageID.41). He alleges that he is hated, been given a hard time his entire life, and is not seen as a human being. (*Id.*). He questions why the complaint form states that he is to tell the facts of his case when the courts do not consider the facts in rendering judgment. (*Id.*). It hurts him to know that because he is prison, he is not important enough to be concerned with. (*Id.* at 2, PageID.42). And he is in prison for a crime that he did not commit and is still treated as a prisoner. (*Id.*). So, he would like a speedy trial to get his life back in order and the Court to amend all his complaints. (*Id.*).

Also, filed on the same day was another motion to amend. (Doc. 12, PageID.44). In it, Plaintiff requests the Court "to amend all complaints to Department of Correction Civil Action Complaint and in doing so deal with all court proceedings in case [sic]." (*Id.* at 1, PageID.44). These two motions to amend do not convey any factual information about a claim but are a request for the Court to amend his complaint (possibly against the DOC, which is the first amended complaint) and an argument why the motions to amend should be allowed.

Plaintiff filed a second amended complaint against Dexter D. Wright reiterating many of the same allegations in his first amended complaint. (Doc. 16,

PageID.60). In the second amended complaint, he adds that a "hit" was put on him by inmates to have the officers lie about him. (*Id.* at 4, PageID.63). The arresting officer, William Boggan, two other officers, and a third-shift lieutenant were involved in conducting an illegal hearing five days early in order to make money. (*Id.*). Plaintiff was by himself without witnesses and sentenced to 30 days in segregation and 40 days' loss of privileges. (*Id.*). Plaintiff clarifies that it was these officers who hogtied, sprayed him with mace, and dragged him from "Annex M-77-B to Fountain 3800," hurting his legs, arms, hands, neck, feet, and head. (*Id.* at 5-6, PageID.64-65). Again, the events Plaintiff complains about occurred in the past.

Furthermore, in the complaint and amended complaints, Plaintiff requests damages. (Doc. 1 at 7, PageID.7; Doc. 8 at 7, PageID.27, Doc. 16 at 7, PageID.66). The amended complaints and motions to amend have been sent from Fountain and the original complaint was sent from Mobile Work Release. However, the Alabama Department of Corrections' website now lists Plaintiff as being incarcerated at Bullock Correctional Facility. Plaintiff did not advise the Court of this change in his address even though he was advised by the Court in its complaint form that he must do so in order to avoid the dismissal of his action. (Doc. 1 at 8, PageID.8; Doc. 8 at 7, PageID.27; Doc. 16 at 7, PageID.66).

Section 1915(g) requires that Plaintiff be in imminent danger of serious physical injury when the complaint was filed on March 17, 2020. (Doc.1, PageID.1); 28 U.S.C. § 1915(g). However, a review of Plaintiff's allegations in his complaint, first and second amended complaints, and motions to amend do not disclose an imminent

danger of serious physical injury. The physical injuries referred to occurred in the past. His allegations also do not convey that an injury to him is imminent or has been ongoing. *See Daker v. Bryson,* 784 F. App'x 690, 693 (11th Cir. 2019) (finding the plaintiff's claim of "being forced to use unsanitized clippers could expose him to diseases [is] a claim that is simply too speculative to establish that he is under imminent danger of serious physical injury"); *Martin v. Shelton,* 319 F.3d 1048, 1050-51 (8th Cir. 200 ) (finding the "conclusory assertions that defendants were trying to kill Martin by forcing him to work in extreme conditions despite his blood pressure condition [is a] type of general assertion [that] is insufficient to invoke the exception to § 1915(g)"); *Ball,* 2007 WL 484547, at *3 (finding the alleged inadequate, unsanitary, and contaminated food and beverages, among other things, did not satisfy the imminent danger exception). *But see Mitchell v. Nobles,* 873 F.3d 869, 874-75 (11th Cir. 2017) (finding the "total lack of hepatitis treatment and the resulting onset of cirrhosis" met § 1915(g)'s imminent-danger exception); *Brown,* 387 F.3d at 1350 (finding the complete withdrawal of HIV and hepatitis medication accompanied by worsening complications from the withdrawal alleged an imminent danger of serious physical injury). Thus, Plaintiff has not shown that at the time of filing, he was in imminent danger of serious physical injury. Accordingly, the undersigned finds that the complaint, first and second amended complaints, and the motions to amend fail to meet § 1915(g)'s exception.

## III. Conclusion.

Because Plaintiff cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400 filing and administrative fees at the time he filed this action, this action is due to be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), and Plaintiff's motions to amend are due to be denied. *Dupree,* 284 F.3d at 1236; *Vanderberg v. Donaldson,* 259 F.3d 1321, 1324 (11th Cir.), *cert. denied,* 535 U.S. 976 (2002).

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in

the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this 5th day of February, 2021

/s/ KATHERINE P. NELSON
**UNITED STATES MAGISTRATE JUDGE**