IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS DEWAYNE MCQUEEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIV. ACT. NO. 1:20-cv-157-TFM-N |
| ) | |
| DEXTER D. WRIGHT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's *Motion to Appeal or rejudgment* (Doc. 27, filed 10/17/22) which was dated October 4, 2022 and mailed on October 6, 2022. However, this case before the district court was closed on March 2, 2021 and appealed to the Eleventh Circuit Court of Appeals on August 12, 2022. *See* Docs. 21, 22, 23. It would appear from the record that Plaintiff's appeal was dismissed for failure to prosecute on October 6, 2022. As such, it is unclear as to what Plaintiff seeks to appeal or reconsider.

To the extent the Plaintiff intended it as a Motion for Reconsideration of the Memorandum Opinion and Order adopting the Report and Recommendation back on March 2, 2021, the Court finds that no response is necessary prior to the issuance of this opinion. The Court considers the motion under both Fed. R. Civ. P. 59 and 60.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (per curiam) (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam), *cert. denied*, 552 U.S. 1040, 128 S. Ct. 660, 169 L. Ed. 2d 511 (2007)). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument or present evidence that could have been raised

prior to the entry of judgment." *Arthur*, 500 F.3d at 1343 (quoting *Michael Linet, Inc. v. Vill. of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).  Further, a motion under Rule 59 must be filed no later than 28 days after the entry of judgment.  FED. R. CIV. P. 59(b).  Judgment in this case was entered on March 2, 2021 – over 18 months ago.  As a result, any such motion would be untimely as a matter of law.

Fed. R. Civ. P. 60(b) provides a party, on motion, relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that , with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b)(1)-(6).  Further, a motion under Rule 60(b) must be filed within a reasonable time and if under Rule 60(b)(1)-(3), no more than one year after the entry of the judgment.  FED. R. CIV. P. 60(c).  To the extent Plaintiff seeks to file a motion under Rule 60, the Court finds that it is not filed within a year for a motion under sections (1), (2), or (3) nor within a reasonable time for any other Rule 60 motion.  Therefore, it is also untimely as a matter of law.

Accordingly, to the extent Plaintiff motion (Doc. 27) is directed at this Court, it is **DENIED.**

However, given the timing of the motion, it may be that the Plaintiff intended this motion for the Eleventh Circuit given that his appeal was pending at that time.  Therefore, the Clerk of Court is **DIRECTED** to transmit a copy of the motion and a copy of this order to the Eleventh Circuit Court of Appeals for USCA Case Number 22-12690.

**DONE** and **ORDERED** this the 2nd day of November 2022.

                                                  s/Terry F. Moorer
                                              TERRY F. MOORER
                                              UNITED STATES DISTRICT JUDGE